UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MARQUEZ PADILLA INC.,

Plaintiff,

v.

MERCEDES-BENZ USA, LLC, et al.,

Defendants.

Case No.: 26-cv-06455-BJC-GC

**NOTICE AND ORDER SETTING EARLY NEUTRAL EVALUATION CONFERENCE, RULE 26 COMPLIANCE, AND CASE MANAGEMENT CONFERENCE**

IT IS ORDERED that an Early Neutral Evaluation ("ENE") of your case will be held by video conference on **January 11, 2027**, at **2:00 PM** before Magistrate Judge Guillermo Cabrera.[1] If the case does not settle during the ENE, a Case Management Conference ("CMC") pursuant to Federal Rule of Civil Procedure 16(b) will be held immediately following the conclusion of the ENE.

Based upon the Court's familiarity with cases brought pursuant to the Song-Beverly Consumer Warranty Act (the "Act") relating to alleged defects in vehicles, and in the

[1] Mandatory directions for participating in the ENE by video conference are attached. The parties may request that the ENE be converted to an in-person conference informally by placing a joint call to chambers or by lodging a joint email to efile_cabrera@casd.uscourts.gov. Counsel must meet and confer prior to any such request.

interest of promoting the just, efficient, and economical determination of this action, all formal discovery is stayed until the completion of the ENE notwithstanding the conclusion of the Rule 26(f) conference.

The following are mandatory guidelines for the parties preparing for the ENE and CMC. Absent express permission obtained from this Court, and notwithstanding the pendency of any motion, counsel shall timely comply with the dates and deadlines herein.

1. **Review of Chambers Rules:** Counsel[2] shall refer to the Civil Local Rules for the Southern District of California. Counsel must also read Judge Cabrera's Chambers Rules for Civil Cases and Rule 26(f) Conference Checklist. This information is accessible via the Court's website at www.casd.uscourts.gov.

2. **Purpose of the ENE:** The purpose of the ENE is to permit an informal discussion between the parties, their counsel, and the Magistrate Judge of every aspect of the lawsuit to achieve an early resolution of the case. Counsel and the parties shall come prepared to engage in a detailed discussion of the merits of their respective cases and engage in good faith settlement discussions. All discussions during the ENE are informal, off the record, privileged and confidential. Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.

3. **Required attendance:** Pursuant to Civil Local Rule 16.1(c), all parties (including those indemnified by others), claims adjusters for insured defendants, the principal attorney(s) responsible for the litigation, and non-lawyer representatives with full and unlimited authority to negotiate and enter into a binding settlement must be present and legally and factually prepared to discuss and resolve the case at the ENE.

a. "Full and unlimited authority" means that the individuals attending the ENE must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*,

---

[2] References to "counsel" or "attorney(s)" herein include any party representing himself or herself.

871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). One of the purposes of requiring a person with unlimited settlement authority to attend the conference is that the person's view of the case may be altered during a face-to-face conference. *Id.* at 486. A limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595-597 (8th Cir. 2001).

b. In the case of a legal entity (e.g., a corporation, LLC, partnership, or trust), an authorized representative of the entity (who is not retained outside counsel) must be present and must have discretionary authority to commit the company to pay an amount up to the amount of the plaintiff's prayer, excluding punitive damages. The purpose of this requirement is to have representatives present who can settle the case during the conference without consulting a superior.

c. A government entity is excused from this requirement so long as the government attorney who attends the ENE conference or settlement conference has (1) primary responsibility for handling the case; and (2) authority to negotiate and recommend settlement offers to the government official(s) having ultimate settlement authority.

d. The Court will not grant requests to excuse a required party from personally appearing absent exceptional circumstances. If counsel believes there are exceptional circumstances to request that a required party be excused from personally appearing, they must confer with opposing counsel prior to making the request. Such requests may then be made by filing a Joint Motion or, where opposing counsel is unavailable, an *ex parte* request outlining the exceptional circumstances for the request. Any request to excuse a required party from personally appearing must be filed on the docket as a Joint Motion or *ex parte* request at least ten (10) days before the scheduled ENE.

///

///

4. **<u>Required Statement by Plaintiff:</u>** No later than **<u>December 7, 2026</u>**, plaintiff's counsel shall serve on opposing counsel a statement that sets forth the following information:

a. the date and location of the vehicle purchase;

b. a detailed history, arranged in chronological order, of all alleged defects using the following table format:

| **Date Defect Arises** | **Defect Claimed by Plaintiff** | **Mileage** | **Service Provider** | **<u>Actual</u> Repairs Performed (If Any)** | **Cost of Service** | **Days Vehicle Out of Use** |
|---|---|---|---|---|---|---|
| 5/30/2022 | Low voltage | 12,429 | Al's Auto | Battery replaced. | $280 | 8 |
| 6/15/2022 | Ball joint failure | 16,789 | Bob's Big Rigs | Ball joint replaced. | $1750 | 12 |
| 8/29/2022 | Low voltage | 17,002 | Al's Auto | Alternator replaced. | $730 | 3 |

c. All warranty information on which plaintiff intends to rely;

d. All service records for the vehicle in plaintiff's possession, custody, or control, even if such records must be obtained from third parties who provided the service;

e. The date and method (i.e., by phone, email, etc.) of any request by plaintiff to defendant to repurchase the vehicle;

f. Whether a complimentary loaner vehicle was made available to plaintiff while repairs were performed;

g. The amount plaintiff demands for restitution related to plaintiff's out-of-pocket costs and a breakdown of said demand, including plaintiff's position as to the appropriate use offset;

h. If plaintiff seeks civil penalties, a statement of compliance with the each and every pre-filing requirement of California Code of Civil Procedure § 871.24, including copies of any written repurchase demand(s); and

i. The amount plaintiff demands in civil penalties under the Act and the grounds for seeking an award of civil penalties.

5. **Required Statement by Defendant:** No later than **December 14, 2026**, defendant's counsel shall serve on opposing counsel a statement that sets forth the following information:

a. warranty information for the vehicle (including claims submitted to or approved by defendant concerning the vehicle) not already provided by plaintiff;

b. a detailed history, arranged in chronological order, of defendant's service to the vehicle, including service performed under a warranty, for plaintiff's alleged defects using the table format described in the prior section;

c. any service records for the vehicle, including service performed under warranty, not already provided by plaintiff;

d. any records regarding a request by plaintiff to repurchase the vehicle and defendant's response thereto, including copies of any written offer of restitution or replacement made pursuant to California Code of Civil Procedure § 871.24; and

e. any dispute regarding the amount plaintiff calculates to be due for restitution, including the appropriate use offset.

6. **Meet and Confer Requirement:** No later than **December 21, 2026**, counsel for the parties, and any unrepresented parties, must meet and confer in person or by videoconference to discuss settlement. Plaintiff's counsel is responsible for making arrangements for the conference. The meet and confer obligation cannot be satisfied by telephone or the exchange of letters.

///

7. **Confidential ENE Statements Required:**

a. No later than **January 4, 2027**, each party shall lodge a confidential ENE statement by email to efile_cabrera@casd.uscourts.gov. The confidential ENE statements shall be five pages or less. **Failure to timely lodge the confidential ENE statement may subject the parties to sanctions.**

b. All confidential ENE statements must include:

i. A certification that the required in-person or video conference between counsel took place;

ii. A brief description of the case and the claims asserted;

iii. The party's position on liability and damages with controlling legal authority;

iv. A specific and current demand for settlement addressing all relief or remedies sought, as well as the specific basis for each type of relief. A general statement that a party will "negotiate in good faith," "offer a nominal cash sum," or "be prepared to make an offer at the conference" is not a specific demand or offer;[3]

v. A brief description of any previous settlement negotiations or mediation efforts;

vi. An itemized billing statement detailing all costs and fees sought by the plaintiff as of the date of the ENE;[4]

vii. Contact information for each participant, including: (1) the name and title of each participant, including all parties and party representatives with full

---

[3] If a specific demand for settlement cannot be made at the time the settlement statement is submitted, state the reasons why and explain when the party will be able to state a settlement demand.

[4] The bill should be attached to the settlement statement as "Exhibit A," and is excluded from the five-page limit. The bill may be judiciously redacted if necessary to preserve the attorney-client privilege, but only so far as is strictly necessary to preserve the privilege. Counsel should also be prepared to submit an unredacted version of the bill for *in camera* review at the Court's request.

settlement authority, claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation; (2) an e-mail address for each participant to receive the Zoom video conference invitation; and (3) a telephone number where each participant may be reached so that if technical difficulties arise, the Court will be in a position to proceed telephonically instead of by video conference; and

viii. As exhibits, the required statements by Plaintiff and Defendant set forth in Paragraphs 4 and 5, and any attachments thereto.

8. **Case Management Conference:** If the case does not settle during the ENE, the Court will immediately proceed with the CMC. The parties are, therefore, ordered to comply with Federal Rule of Civil Procedure 26 as follows:

a. The parties shall meet and confer pursuant to Federal Rule of Civil Procedure 26(f) no later than **December 21, 2026**;

b. The parties shall make the disclosures required by Federal Rule of Civil Procedure 26(a)(1)(A-D) on or before **January 4, 2027**. The parties must exchange all documents required to be disclosed under Rule 26(a)(1)(A)(ii)-(iv). Providing "a description by category or location" is not sufficient[5];

c. The parties shall review and follow the Rule 26(f) Conference Checklist for the U.S. District Court for the Southern District of California which can be found at on the Court's website (under the tab earmarking Judge Cabrera's Chambers Rules);

d. The parties shall file a Joint Discovery Plan pursuant to Rule 26(f) on the CM/ECF system no later than **January 4, 2027**. The parties should also consult the assigned District Judge's Civil Chambers Rules in drafting their Joint Discovery Plan.

---

[5] The purpose of making these disclosures prior to the ENE is to facilitate settlement discussions by the parties, and the parties may not stipulate around this requirement without leave of Court. If any party wants a protective order in place prior to making initial disclosures, that party must move for a protective order prior to the deadline for making initial disclosures. Not having a protective order in place shall not be good cause for failing to make any initial disclosures.

e. In their Joint Discovery Plan, the parties should indicate what good cause exists, if any, to modify the Court's tentative schedule for this case. Failure to identify good cause to modify the tentative schedule will be construed as concurrence with the dates and deadlines set forth in the tentative schedule. The Court's **tentative** schedule is as follows:

| | |
|---|---|
| The date by which any motion for entry of a stipulated protective order governing discovery shall be filed: | January 29, 2027 |
| The date by which any motion to amend pleadings and/or add parties shall be filed: | February 12, 2027 |
| Completion of fact discovery: | June 11, 2027 |
| The date by which experts shall be designated in writing: | July 9, 2027 |
| The date by which rebuttal experts shall be exchanged: | July 23, 2027 |
| The date by which parties shall comply with Rule 26(a)(2)(A) and (B) disclosure provisions: | August 20, 2027 |
| The date by which disclosures regarding contradictory or rebuttal evidence shall be supplemented | September 3, 2027 |
| Completion of expert discovery: | October 1, 2027 |
| The date for the Mandatory Settlement Conference: | October 21, 2027 |
| The date by which dispositive motions shall be filed: | October 29, 2027 |
| The date for a Pretrial Conference before the district judge assigned to the case: | March 2, 2028 |

9. **<u>Requests to Continue an ENE:</u>** Civil Local Rule 16.1(c)(1) requires that the ENE take place within 45 days of the filing of the first Answer. Any request to continue the ENE shall be made in accordance with Paragraph VI of the Court's Chambers Rules.

10. **<u>New Parties Must Be Notified by Plaintiff's Counsel:</u>** Plaintiff's counsel shall give notice of the ENE and CMC and provide a copy of this Order to parties responding to the complaint after the date of this notice.

A Notice of Right to Consent to Trial Before a United States Magistrate Judge is attached for your information.

**IT IS SO ORDERED.**

Dated: November 24, 2026

Hon. Guillermo Cabrera
United States Magistrate Judge

**Mandatory Directions for Zoom Video Conference Participation**

1. The Court will use its official ZoomGov video conferencing account to hold the ENE. **IF YOU ARE UNFAMILIAR WITH ZOOM:** Zoom is available on computers through a download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the installation of a free app.[6] Joining a Zoom conference does not require creating a Zoom account, but it does require downloading the .exe file (if using a computer) or the app (if using a mobile device). Participants are encouraged to create an account, install Zoom and familiarize themselves with Zoom in advance of the ENE.[7] There is a cost-free option for creating a Zoom account.

2. Prior to the start of the ENE, the Court will e-mail each ENE participant an invitation to join a Zoom video conference. Again, if possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that her or his device is plugged in or that a charging cable is readily available during the video conference. Participants shall join the video conference by following the ZoomGov Meeting hyperlink in the invitation. **Participants who do not have Zoom already installed on their device when they click on the ZoomGov Meeting hyperlink will be prompted to download and install Zoom before proceeding**. Zoom may then prompt participants to enter the password included in the invitation. All participants will be placed in a waiting room until the ENE begins.

3. Each participant should plan to join the Zoom video conference **at least <u>5 minutes</u> before** the start of the ENE to ensure that the ENE begins on time.

///

---

[6] If possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance.

[7] For help getting started with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started

4. Zoom's functionalities will allow the Court to conduct the ENE as it ordinarily would conduct an in-person ENE. That is, the Court will begin the ENE with all participants joined together in a main session. After an initial discussion in the main session, the Court will divide participants into separate, confidential sessions, which Zoom calls Breakout Rooms.[8] In a Breakout Room, the Court will be able to communicate with participants from a single party in confidence. Breakout Rooms will also allow parties and counsel to communicate confidentially without the Court.

5. All participants shall display the same level of professionalism during the ENE and be prepared to devote their full attention to the ENE as if they were attending in person.

6. If the case does not settle during the ENE, the Court will hold the CMC immediately following the ENE with counsel only.

///

---

[8] For more information on what to expect when participating in a Zoom Breakout Room, visit: https://support.zoom.us/hc/en-us/articles/115005769646

**NOTICE OF RIGHT TO CONSENT TO TRIAL**
**BEFORE A UNITED STATES MAGISTRATE JUDGE**

IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. § 636(c), YOU ARE HEREBY NOTIFIED THAT A U.S. MAGISTRATE JUDGE OF THIS DISTRICT MAY, UPON THE CONSENT OF ALL PARTIES, ON FORM 1A AVAILABLE IN THE CLERK'S OFFICE, CONDUCT ANY OR ALL PROCEEDINGS, INCLUDING A JURY OR NON-JURY TRIAL, AND ORDER THE ENTRY OF A FINAL JUDGMENT. COUNSEL FOR THE PLAINTIFF SHALL BE RESPONSIBLE FOR OBTAINING THE CONSENT OF ALL PARTIES, SHOULD THEY DESIRE TO CONSENT.

YOU SHOULD BE AWARE THAT YOUR DECISION TO CONSENT OR NOT TO CONSENT IS ENTIRELY VOLUNTARY. ONLY IF ALL PARTIES CONSENT WILL THE JUDGE OR MAGISTRATE JUDGE TO WHOM THE CASE HAS BEEN ASSIGNED BE INFORMED OF YOUR DECISION.

JUDGMENTS OF THE U.S. MAGISTRATE JUDGES ARE APPEALABLE TO THE U.S. COURT OF APPEALS IN ACCORDANCE WITH THIS STATUTE AND THE FEDERAL RULES OF APPELLATE PROCEDURE.